# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### NORTHEASTERN DIVISION

TIONNE SHAMAR BARCLAY,       )
                                          )

                Movant/Defendant,    )
                                          )

v.                               )    5:07-cv-08016-KOB-JEO
                                          )    5:05-cr-00435-KOB-JEO

UNITED STATES OF AMERICA,    )
                                          )

                Respondent.       )

## MEMORANDUM OPINION

Tionne Shamar Barclay initiated the present action by filing a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.  (07-8016 at Doc. 1).[1]  Upon consideration of the defendant's arguments, the court finds that the motion is due to be denied and dismissed with prejudice.

## BACKGROUND

The defendant was charged on November 4, 2005, in a multi-count, multi-defendant indictment.  He was only charged in Count Two with conspiring to possess and distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A).  (05-0435 at Doc. 5).  The defendant was arrested on November 8, 2005.  Counsel was appointed to represent him at his initial appearance. The defendant was arraigned and ordered detained by United States Magistrate Judge Harwell G. Davis, III, on November 10, 2005.  *Id.* at Doc. 11.  Retained counsel filed a notice of appearance on November 15, 2005.  *Id.* at Doc. 15.

On December 7, 2005, the United States filed an "Information" under 21 U.S.C. § 851,

---

[1]References to "Doc. ___" are to the documents as numbered by the Clerk of the Court in the court's record in this case. The pleadings from the original criminal case are designated as "05-0435" and the pleadings on the motion to vacate are designated as "07-8016".

notifying the defendant of its intention to seek an enhanced penalty premised on his prior

conviction in Madison County, Alabama, on the offense of possession of cocaine.  *Id*. at Doc. 28.

The defendant entered into a plea agreement on January 19, 2006.  *Id*. at Doc. 59.  In

exchange for his plea of guilty, the United States agreed to recommend that the defendant receive

a three-level reduction under the Sentencing Guidelines for acceptance of responsibility.  *Id*. at p.

1.  As a part of the plea agreement, the defendant relinquished his right to appeal his conviction

and to file a motion pursuant to 28 U.S.C. § 2255, except that he reserved his right to appeal any

sentence in excess of the statutory maximum and any upward departure imposed at sentencing.

He also reserved the right to seek relief for any future retroactive sentencing guideline

amendment.  *Id*. at pp. 8-9.

At the plea hearing, the court went over the possible sentencing ranges that the defendant

could face.  Specifically, the record is as follows:

> THE COURT: First thing that I want to go over with you is the maximum penalties that you could face in this case.  The maximum penalties include a fine of not more than four million dollars, custody of not less than ten years, not more than life in prison, supervised release time of not less than five years, mandatory assessment fee of one hundred dollars, restitution doesn't apply and the guidelines do apply.

> But, because the government filed an information in December of last year reflecting that you had been convicted of two prior felonies, drug felonies, then under 21, United States Code, Section 851 and Section 841(b)(1)(a), then the penalty of imprisonment becomes life imprisonment.

> Do you understand that?

> THE DEFENDANT: Ma'am, yes, ma'am.

> . . .

> THE COURT: Do you understand that in determining a sentence, the court

2

must consider applicable sentencing guidelines but may depart from those
guidelines under certain circumstances?

      THE DEFENDANT: Ma'am, yes, ma'am.

      THE COURT: Do you understand that where there is statutory mandatory
minimum as there is here, that the statutory penalty takes precedence over any
guideline range, do you understand that?

      THE DEFENDANT: Ma'am, yes, ma'am.

      THE COURT: Do you understand the only way I can depart from that
statutory minimum is if the government files a motion to depart based on your
cooperation?

      THE DEFENDANT: Ma'am, yes, ma'am.

      THE COURT: Have you had sufficient opportunity and time to discuss the
sentencing guidelines and statutory mandate with your attorney?

      THE DEFENDANT: Ma'am, yes, ma'am.

*Id.* at Doc. 116 at pp. 11-13.  The defendant pled guilty on January 19, 2006.  Prior to the plea,

the defendant and his counsel executed a "Guilty Plea Advice of Rights Certification," which

detailed the rights he would be waiving by pleading guilty.  *Id*. at Doc. 58.

    The United States filed a motion for a downward departure premised on the defendant's

cooperation on May 17, 2006.  *Id*. at Doc. 87.  The defendant was sentenced on May 19, 2006.

At the sentencing hearing, the court questioned the defendant and his counsel as follows:

      THE COURT: [H]ave you and your client had thirty-five days in which to
review the presentence report?

      MR. EMERSON: Yes, Judge, we have.

      THE COURT: I did not see any written objections to the report.  Are there
any objections to it?

      MR. EMERSON:  No, Judge, there are not.

THE COURT: In compliance with the majority opinion in U.S. v. Booker, the court, while not bound to apply the guidelines, has consulted them and has taken them into account on the issue of the appropriate range of sentence to be imposed in this case.

In that regard, the court notes that in his plea agreement, the defendant waived any right he might have for a jury determination of the facts and admitted certain facts that bear upon the computation of his offense level under the guidelines.

There being no objections, the court adopts the factual statements contained in the presentence report and makes the specific findings that the guideline offense level is twenty-nine and the criminal history category is four.

But for the mandatory statutory sentence, the guideline range in this case would be one hundred twenty-one months to one hundred fifty-one months. However, pursuant to United States Sentencing Guideline Section 5G1.1B, the guideline imprisonment range becomes life because of the mandatory statutory sentence.

Further, the supervised release period is ten years and the fine range is from fifteen thousand to eight million dollars.

. . . I do want to point out that I have reviewed the government's 5K motion and I find it is appropriate to grant that motion.

*Id*. at Doc. 117 at pp. 3-4.  The government recommended a sentence of two hundred ninety-two months.  *Id*. at p. 11.  The court sentenced the defendant to a custodial sentence of 180 months to be followed by five years supervised release.  *Id*. at Doc. 90.

The defendant filed a timely notice of appeal.  *Id*. at Doc. 96.  The United States also filed a notice of appeal of his sentence.  *Id*. at 100.[2]  Counsel for the defendant filed a motion to withdraw as counsel of record.  *Id*. at Doc. 99.  The motion was granted and new counsel was appointed for purposes of appeal.  *Id*. at Doc. 103.  The defendant moved for voluntary dismissal of his appeal, which was granted on November 30, 2006.  *Id*. at Doc. 131.

---

[2]Its later motion to dismiss the cross-appeal was granted.  *Id*. at Doc. 129.

4

The defendant filed the present motion to vacate, set aside, or correct his sentence[3] on May 7, 2007.  In support of his claim for relief, the defendant asserts that (1) he was denied the assistance of effective counsel, (2) his due process rights were violated and the plea agreement was breached when the court enhanced his sentence based on prior convictions under § 851 because he was not made aware that the Government filed a § 851 information until two days before sentencing, and (3) his due process rights were violated when he was not adequately advised that the prior convictions could be used to enhance his sentence.[4]  (07-8016 at Doc. 1 at pp. 5-8).  The court required the United States to file a response to show cause why the requested relief should not be granted.  *Id*. at Doc. 2.  The United States responded that the motion was due to be dismissed because the defendant knowingly, intelligently, and voluntarily waived his right to file a motion pursuant to § 2255.  *Id*. at Doc. 4.  The defendant filed a "Reply" asserting that the motion of the United States to dismiss his § 2255 petition should be denied.  *Id*. at Doc. 6.

## DISCUSSION

The defendant agreed to waive his right to seek relief pursuant to 28 U.S.C. § 2255 when he entered his guilty plea in this case.  That waiver is evidenced by the following language in the plea agreement, which the defendant signed acknowledging his understanding of and assent to the terms:

**WAIVER OF RIGHT TO APPEAL AND POST-CONVICTION RELIEF**

**In consideration of the government's recommended disposition, I, Tionne Shamar Barclay, do hereby waive and give up my right to appeal my conviction in this case, any sentence the court might impose upon me, and the**

---

[3]The petitioner's specific request is that he be resentenced to a lesser sentence.  (07-8016 at Doc. 1 at p. 14).

[4]Barclay's assertions regarding the § 851 information and sentence enhancements are clearly in error, as evidenced by the quoted language from the plea and sentencing hearings herein.

**right to challenge any sentence so imposed or the manner in which the sentence was determined in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255, subject to the following limitations:**

**The defendant reserves the right to contest in an appeal or post-conviction proceeding any/all of the following:**

**i.     Any punishment imposed in excess of the statutory maximum;**

**ii.    Any punishment that constitutes an upward departure from the guidelines sentencing range as determined by the court at the time sentence is imposed.**

**In addition, the defendant reserves the right to petition the court for re-sentencing, in accordance with 18 U.S.C. § 3582(c), in the event of a future retroactive amendment to the Sentencing Guidelines that would affect the defendant's sentence.**

**I further acknowledge that before giving up these rights, I discussed the Federal Sentencing Guidelines and their application to my case with my attorney, who explained them to my satisfaction.**

**I hereby place my signature on the line directly below to signify that I fully understand the foregoing paragraph, and that I am knowingly and voluntarily giving up appeal and sentencing rights as stated.**

(05-0435 at Doc. 59 at pp. 8-9)(emphasis in original).  Additionally, he acknowledged that

waiver during his guilty plea hearing.  Specifically, the record is as follows:

THE COURT: Mr. Barclay, the plea agreement that you have entered contains language waiving or giving up some of your rights to appeal the sentence that is yet to be imposed.  Under certain conditions, you can waive or give up those rights and such a waiver may be enforceable.  However, if you believe for some reason that the waiver is not enforceable, then you can appeal the sentence and present that theory to the appellate court.

Did you understand when you signed that agreement that you were giving up some of your rights to appeal?

THE DEFENDANT: Ma'am, yes, ma'am.

The defendant, who was under oath, indicated that he understood the plea agreement and the waiver provisions.  *Id*. at Doc. 116 at p. 8.

At sentencing, the court again discussed with the defendant his right to appeal.  The court also informed him that if he believed that the waiver provision of the agreement was unenforceable, he could challenge that on appeal as well.  *Id*. at Doc. 117 at pp. 16-17.

The Eleventh Circuit Court of Appeals has held that an appeal waiver provision in a plea agreement is enforceable if the waiver is made knowingly and voluntarily.  *See United States v. Weaver*, 275 F.3d 1320, 1333 (11th Cir. 2001), *cert. denied*, 536 U.S. 961, 122 S. Ct. 2666, 153 L. Ed. 2d 840 (2002); *United States v. Pease*, 240 F.3d 938, 942 (11th Cir.), *cert. denied*, 534 U.S. 967, 122 S. Ct. 381, 151 L. Ed. 2d 290 (2001).  *See also Williams v. United States*, 396 F.3d 1340 (11th Cir. 2005) (a valid sentence-appeal waiver entered into voluntarily and knowingly pursuant to a plea agreement, precluded the defendant from attempting to attack his sentence in a collateral proceeding through a claim of ineffective assistance of counsel during sentencing).  Similarly, a waiver of collateral review has also been approved by the Eleventh Circuit so long as the United States demonstrates that the waiver was made knowingly, intelligently, and voluntarily.  *Allen v. Thomas*, 161 F.3d 667 (11th Cir. 1998); *United States v. Bushert*, 997 F.2d 1343, 1350-51 (11th Cir. 1993).  To establish the waiver's validity, the United States must show either that (1) the district court specifically questioned the defendant about the provision during the plea colloquy, or (2) it is manifestly clear from the record that the defendant fully understood the significance of the waiver.  *Weaver*, 275 F.3d at 1333.  The Eleventh Circuit views a waiver as a contract between the Government and a criminal defendant.  It has stated:

[A]mong the considerations that a defendant may offer as part of such a contract

7

is waiver of his right to appeal, provided that the waiver is made knowingly and voluntarily. *See United States v. Bushert*, 997 F.2d 1343, 1350 (11th Cir. 1993). In this case, [the appellant's] waiver was clearly knowing and voluntary – he was specifically questioned by the district court regarding the waiver of his right to appeal. *See United States v. Buchanan*, 131 F.3d 1005, 1008 (11th Cir. 1997). The plea agreement is therefore enforceable and would appear to bar this appeal.

*United States v. Howle*, 166 F.3d 1166, 1168 (11th Cir. 1999).

The present record demonstrates that the defendant's assent to the terms of his plea agreement, including his waiver of the right to seek relief in a § 2255 motion, was knowingly, intelligently, and voluntarily made. The court specifically informed the defendant that the waiver in his agreement was enforceable, and that the Eleventh Circuit was the appropriate forum for any challenge to the enforceability of the waiver. Additionally, the record demonstrates that the defendant had the ability to understand his decision to waive these rights. Accordingly, the defendant's motion is barred from further review by this court.

## CONCLUSION

Premised on the foregoing, the defendant's motion to vacate is due to be denied and dismissed with prejudice. An appropriate order denying this motion will be entered contemporaneously herewith.

**DONE**, this 11th day of August, 2008.

KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE